**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JULIO LOZANO,** individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**CAMPAGNA-TURANO BAKERY, INC. d/b/a TURANO BAKING CO.,** an Illinois corporation,<br><br>Defendant. | Case No. 1:24-cv-08908<br><br>Magistrate Judge: Hon. Elaine E. Bucklo<br><br>District Judge: Hon. Young B. Kim |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Campagna-Turano Bakery, Inc. d/b/a Turano Baking Co., ("Defendant"), by and through its attorneys, Littler Mendelson P.C., hereby submits its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint as follows:

## INTRODUCTION

1.     This case concerns the misuse of individuals' genetic information in Illinois by manufacturer of bakery products. As a condition of employment, Defendant requires potential employees to undergo a physical exam during which genetic information in the form of their family medical history is requested without complying with GIPA's privacy protections.

**ANSWER:**     **Defendant denies the allegations in Paragraph 1.**

2.     Having recognized the uniquely private and sensitive nature of genetic information - and the potential for harmful discrimination that such information may encourage among employers - the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1) Solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and ( 4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

**ANSWER:** **Paragraph 2, inclusive of subparts (1) – (4), states legal conclusions and/or purports to quote statutory text, which does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 2 and states that the statutory text found at 410 ILCS 513/25(c) is its own representation of the text.**

3.      GIPA defines "genetic information" as information pertaining to: (i) an individual' genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

**ANSWER:** **Paragraph 3 is a partial quotation of statutory and regulatory text to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 and states that the statutory and regulatory text found at 45 CFR 160.103 and 410 ILCS 513/10 each are their own representations of the texts.**

4.      Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

**ANSWER:** **Defendant denies the allegations in Paragraph 4.**

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

5.      In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

**ANSWER:      Defendant denies the allegations in Paragraph 5.**

6.      In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

**ANSWER:      Paragraph 6 does not state any facts that purport to give rise to Plaintiff's Complaint and only quotes part of the preamble to the GIPA statute. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 and states that the text in the statutory preamble found at 410 ILCS § 513/5(2) is its own representation of the text. Defendant denies that 410 ILCS § 513/5(2) states that the Illinois Legislature "recognized" the language quoted in Paragraph 6. Defendant denies that the alleged findings quoted in Paragraph 6 are true, correct, or accurate, and denies all remaining allegations in Paragraph 6.**

7.      GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

**ANSWER:      Paragraph 7 purports to state the law and does not allege any facts that purport to give rise to Plaintiff's claims. Therefore, no response is required. To the extent a response is required, Defendant denies that Paragraph 7 accurately states the law under GIPA and denies all remaining allegations in Paragraph 7.**

8.      Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendant continues to request that its employees and prospective employees provide protected familial medical history in violation of GIPA.

**ANSWER:      Paragraph 8 purports to state the law and states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that**

**Paragraph 8 accurately states the law under GIPA and denies any violation of GIPA. Defendant denies any remaining allegations in Paragraph 8.**

9.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

**ANSWER:      Defendant admits that Plaintiff purports to bring this action for statutory damages and other remedies, but denies any violation of GIPA or any other law, and further denies that Plaintiff is entitled to any statutory damages or other relief. Defendant denies the remaining allegations in Paragraph 9.**

10.      On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as recovery of statutory damages under GIPA, reasonable attorneys' fees and costs, and other litigation expenses.

**ANSWER:      Defendant admits that Paragraph 10 states that Plaintiff purports to seek an injunction, an award of statutory damages on his own behalf and purportedly on behalf of others, and an award of costs and attorneys' fees. Defendant denies that Plaintiff is entitled to an injunction, any award on his own behalf and/or on behalf of anyone else, or to recover costs and attorneys' fees. Defendant denies any violation of GIPA and denies all remaining allegations in Paragraph 10.**

**PARTIES**

11.      Defendant Campagna-Turano Bakery, Inc. d/b/a Turano Baking Co. is a corporation organized under the laws of the state of Illinois and is registered with the Illinois Secretary of State to transact business in Illinois, including in Cook County. Defendant is headquartered in Berwyn, Illinois.

**ANSWER:      Defendant admits the allegations in Paragraph 11.**

12.      At all relevant times, Plaintiff Julio Lozano has been a resident of the state of Illinois.

**ANSWER:      Defendant admits only that Plaintiff Julio Lozano provided an Illinois address in connection with his employment.**

## JURISDICTION AND VENUE

13.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant has its principle places of business in this state, Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants as a condition of applicants' employment or preemployment application in Illinois.

**ANSWER:     Defendant admits that this Court may assert personal jurisdiction over it and that it has its principal place of business in Illinois. Defendant denies the remaining allegations in Paragraph 13.**

14.     Venue is proper in Cook County because Defendant is doing business in Cook County and thus resides there under 735 ILCS § 5/2-102(a).

**ANSWER:     Defendant admits that venue was proper in the circuit court of Cook County and that Defendant does business in Cook County. Answering further, because the circuit court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a) is the United States District Court for the Northern District of Illinois.**

## COMMON FACTUAL ALLEGATIONS

15.     The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modem genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

**ANSWER:     The allegations in Paragraph 15 are broadly stated scientific, historical, and sociological conclusions that do not allege any facts that purportedly give rise to Plaintiff's claims. Therefore, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15.**

16.     These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

**ANSWER:**     **The allegations in Paragraph 16 are broadly stated scientific, sociological and historical conclusions that include undefined value-ladened terms and Paragraph 16 does not allege any facts that purport to give rise to Plaintiff's claims in this case. Therefore, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20.**

17.     As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

**ANSWER:**     **The allegations in Paragraph 17 do not state any facts that purport to give rise to Plaintiff's claims, are scientific and legal conclusions about which Defendant lacks sufficient foundation to determine the truth and to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17.**

18.     In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

**ANSWER:**     **Defendant admits that GIPA was enacted in 1998. Defendant denies the remaining allegations in Paragraph 18.**

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

19.     Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(l).

**ANSWER:     Paragraph 19 states legal conclusions and does not allege any facts that purportedly give rise to Plaintiff's claims. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.**

20.     GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

**ANSWER:     Paragraph 20 states legal conclusions and/or purports to quote statutory text which does not require a response. To the extent a response is required, Defendant denies that Paragraph 20 accurately states the definition of "employer" in GIPA, denies the allegations in Paragraph 20, and Defendant states that the statutory text found at 410 ILCS 513/10 is its own representation of the text.**

21.     Defendant is an "employer" as defined by GIPA.

**ANSWER:     Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.**

22.     Defendant is a manufacturer of bakery products known as Turano Baking and employs at least one hundred of individuals in Illinois, including in Berwyn, Illinois where Plaintiff worked for Defendant.

**ANSWER:     Defendant admits the allegations in Paragraph 22.**

23.     As part of its hiring process, Defendant requires its prospective employees to undergo a medical physical examination for Defendant's pre-employment assessment purposes. These physical examinations are performed on Defendant's behalf, at its direction, and for its benefit by third-party medical service providers, such as Concentra, who have contractual relationships with Defendant.

**ANSWER:     Defendant admits that a pre-employment physical examination to determine fitness for the respective position at issue is a precondition of employment with Defendant.  Such examinations are conducted by a licensed third-party medical care**

provider and with the individual's consent. **Defendant denies the remaining allegations in**

**Paragraph 22.**

24.     Defendant's physical examinations include the unlawful request for and/or solicitation of information regarding the manifestation of inheritable diseases or disorders in the immediate family members of the prospective employee.

**ANSWER:     Defendant denies the allegations in Paragraph 24.**

25.     On information and belief, Defendant, either directly or indirectly through its medical service providers who act on its behalf and at its direction, requests this family medical history information.

**ANSWER:     Defendant denies that Plaintiff's family medical history was requested**

**and denies the allegations in Paragraph 25.**

26.     Additionally, Defendant fails to adequately instruct or require its medical service providers to refrain from requesting or requiring genetic information from employees and prospective employees.

**ANSWER:     Defendant denies that it "fails" to provide adequate instructions or**

**requirements to its third-party providers, as this implies an obligation to provide such**

**instruction or requirements. This assertion also is denied because it could be read to imply,**

**incorrectly, that genetic information is requested from employees or prospective employees.**

**Defendant denies any remaining allegations in Paragraph 26.**

27.     In addition to the above statutorily prohibited conduct, Defendant did not inform Plaintiff or the Class of their right not to answer any questions regarding their genetic information.

**ANSWER:     Defendant denies the allegations in Paragraph 27.**

28.     Defendant thus violated GIPA by directly or indirectly soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or as part of their preemployment application.

**ANSWER:     Defendant denies the allegations in Paragraph 28.**

29.     Defendant was or should have been aware of its obligations under GIPA. Nonetheless, Defendant intentionally and/or recklessly requested or solicited Plaintiff's and the other putative class members' genetic information in the form of their family medical histories in violation of GIPA.

**ANSWER:** **Defendant denies the first sentence of Paragraph 29 due to its vagueness. Defendant denies that it requested or solicited Plaintiff's or others' genetic information in the form of their family medical history and denies any violation of GIPA. Defendant denies any remaining allegations in Paragraph 29.**

30.     As a result, Defendant's violations were willful because it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of GIPA.

**ANSWER:** **Defendant denies the allegations in Paragraph 30.**

**FACTS SPECIFIC TO PLAINTIFF**

31.     In or around September of 2023, Plaintiff Julio Lozano applied for a job with Defendant and was hired for an IT Support position in Berwyn, Illinois.

**ANSWER:** **Defendant admits that Plaintiff applied for a job with Defendant and that he was hired as an IT Technician in Berwyn, Illinois starting on October 23, 2023.**

32.     As part of the application and hiring process, and as a precondition of employment, Defendant required Plaintiff to undergo a medical physical examination conducted by Concentra.

**ANSWER:** **Defendant admits that as a precondition of employment with Defendant, and with his consent, Plaintiff received a physical examination for his fitness for the job at issue and that the exam was conducted by a licensed clinician on October 3, 2023 at a Medical Center located at 6500 West 65th Street Chicago, IL 60638. Defendant denies the remaining allegations in Paragraph 32.**

33.     This physical examination was performed on Defendant's behalf, at its direction, and for its benefit for Defendant's pre-employment assessment purposes.

**ANSWER:** **Defendant admits that as a precondition of employment with Defendant, and with his consent, Plaintiff received a physical examination for his fitness for the job at issue and that the exam was conducted by a licensed clinician on October 3, 2023 at a Medical Center located at 6500 West 65th Street Chicago, IL 60638. Defendant denies the remaining allegations in Paragraph 33.**

34.     During the examination, Defendant, either directly or indirectly through the Concentra medical examiner, required Plaintiff to answer questions concerning his family medical history, namely, the manifestation of inheritable diseases or disorders in his family members. Such questions specifically included whether Plaintiff's mother and father had a history of high blood pressure, diabetes, heart disease, and other medical conditions.

**ANSWER:     Defendant admits that a licensed clinician examined Plaintiff at a Medical Center located at 6500 West 65th Street Chicago, IL 60638 before Plaintiff started his employment with Defendant. Defendant denies that Plaintiff was required to answer any questions concerning his family medical history, including those set forth in Paragraph 34, and Defendant denies that Defendant requested or required Plaintiff to answer questions concerning his family medical history, including those set forth in Paragraph 34. Defendant deniesany remaining allegations in Paragraph 34.**

35.     In response, Plaintiff disclosed his genetic information, including inheritable diseases and disorders with which his mother and father have been diagnosed.

**ANSWER:     Defendant denies the allegations in Paragraph 35.**

36.     Thus, Plaintiff's sensitive genetic information, including the existence of his mother and father's inheritable diseases and disorders, was directly or indirectly solicited and requested by Defendant as a condition of Plaintiff's employment or pre-employment application.

**ANSWER:     Defendant denies the allegations in Paragraph 36.**

37.     Plaintiff was not advised by Defendant or anyone else acting on behalf of Defendant, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide his genetic information in furtherance of a workplace wellness program.

**ANSWER:     Defendant denies that Plaintiff was asked to provide any genetic information, and as such, denies as unintelligible any assertions that Plaintiff was not advised that he need not disclose information that was not solicited.  Defendant denies any remaining allegations in Paragraph 37.**

38.     By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose his genetic information in violation of GIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 38.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent, vendor, and/or contractor acting on behalf of Defendant or for Defendant's benefit, has requested and/or obtained family medical history or other genetic information according to Defendant's records within the applicable limitations period.

**ANSWER:     Defendant admits that Plaintiff purports to bring this action on behalf of other individuals. Defendant denies that Plaintiff is entitled to bring this action on behalf of others. Answering further, Defendant states that whether Plaintiff or others were asked about their family medical history in each of their own individual examinations, by their individual examiner, is an individualized assessment that is not appropriate for adjudication as a class action. Defendant denies Plaintiff or the putative class were asked about their family medical history and denies any remaining allegations in Paragraph 39.**

40.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**ANSWER:     Defendant admits that Plaintiff is not entitled to maintain this action on behalf the categories of individuals identified in Paragraph 40. Defendant denies that Plaintiff is entitled to maintain the action on behalf of any others.**

41.     Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER:     Defendant denies the allegations in Paragraph 41. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others.**

42.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

**ANSWER:     Defendant denies the allegations in Paragraph 42. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others. Defendant denies any violation of GIPA. Answering further, Defendant states that whether Plaintiff or others were asked about their family medical history in each of their own individual examination,, by their individual examiner, is an individualized assessment and therefore neither Plaintiffs nor any other putative class member's claim is typical of others' claims.**

43.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a.     Whether Defendant's conduct is subject to GIPA;

   b.     Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(l);

   c.     Whether Defendant's violations of GIPA were negligent;

   d.     Whether Defendant's violations of GIPA were reckless or intentional; and

   e.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

**ANSWER:     Defendant denies the allegations in Paragraph 43. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others. Defendant denies any violation of GIPA.**

44.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

**ANSWER:** Defendant denies the allegations in Paragraph 44. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others. Defendant denies any violation of GIPA.

45. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

**ANSWER:** Defendant denies the allegations in Paragraph 45. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others. Defendant denies any violation of GIPA. Defendant lacks sufficient information necessary to form a belief as to the truth of: Plaintiff's allegation regarding Plaintiff's and Plaintiff's counsel's commitment to vigorously prosecuting this action or their financial resources to do so; Plaintiff's allegation that Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions; Plaintiff's allegation regarding Plaintiff's and Plaintiff's counsel's interests that may be adverse to those of the other members of the purported class. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:** Defendant denies the allegations in Paragraph 45. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others.

## COUNT I
### Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
### (On behalf of Plaintiff and the Class)

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** **Defendant incorporates herein its answers and denials to each of the foregoing Paragraphs for its answer to Paragraph 47.**

48.     Defendant is a company that employs individuals within the state of Illinois and therefore meets the definition of an "employer" under GIPA. 410 ILCS 513/ 10.

**ANSWER:** **Defendant the admits the allegations in Paragraph 48.**

49.     GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

**ANSWER:** **Paragraph 49 states a legal conclusion and/or purports to quote statutory text. Therefore, Paragraph 49 does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 49 and states that the statutory text found at 410 ILCS 513/*et seq.* and C.F.R. § 160.103 each is its own representation of the text.**

50.     Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or preemployment application. 410 ILCS 513/25(c)(1).

**ANSWER:** **Paragraph 50 states a legal conclusion and/or purports to quote statutory text. Therefore, Paragraph 50 does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 50 and states that the statutory text found at 410 ILCS 513/25(c)(1) is its own representation of the text.**

51.     As a precondition of their employment with Defendant, Plaintiff and the Class were required to undergo physical exams through Defendant's contracted-for medical service providers, wherein Defendant, or someone acting on Defendant's behalf and for its benefit, requested their family medical history information, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff and the members of the Class to disclose their genetic information.

**ANSWER:** **Defendant denies the allegations in Paragraph 51. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others.**

52.     Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendant as part of their employment applications and during the physical exams they underwent.

**ANSWER:     Defendant admits that in connection with his hiring and onboarding Plaintiff provided Defendant with certain information, including personally identifying information. Defendant denies the remaining allegations in Paragraph 52, and specifically denies that all of the information listed in Paragraph 52 is personally identifying information. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others. Defendant denies any remaining allegations in Paragraph 52.**

53.     The information solicited, requested, and/or obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

**ANSWER:     Defendant denies the allegations in Paragraph 53. Defendant denies that Plaintiff is entitled to maintain this action on behalf of any others.**

54.     Defendant failed to advise Plaintiff and the other Class members, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information.

**ANSWER:     Defendant denies that Paragraph 54 accurately characterizes the law under GIPA and denies the allegations in Paragraph 54. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others.**

55.     Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

**ANSWER:     Defendant denies that Paragraph 55 accurately characterizes the law under GIPA and denies the allegations in Paragraph 55. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others.**

56.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(l)-(2).

**ANSWER:** **Paragraph 56 purports to state requirements of the statute and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint and states that the statutory text found at 410 ILCS 513/40(a)(3) is its own representation of the text.**

57.     Defendant's violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with GIPA.

**ANSWER:** **Defendant admits that GIPA has been in effect since 1998. Defendant denies the remaining allegations in Paragraph 57 and expressly denies that it violated GIPA.**

58.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**ANSWER:** **Defendant admits that Plaintiff seeks the relief below but denies that that Plaintiff is entitled to any relief whatsoever, on behalf of himself or a class. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Julio Lozano, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.     Entry of an order certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b.     A declaration that Defendant's actions, as set forth herein, violate GIPA;

c.     An award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA pursuant to 410 ILCS 513/40(a)(4);

d.     An award of statutory damages of $15,000 for each of Defendant's reckless or intentional violations of GIPA pursuant to 410 ILCS 513/40(a)(2);

e.     An award of statutory damages of $2,500 for each of Defendant's negligent violations of GIPA pursuant to 410 ILCS 513/40(a)(1);

f.     An award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g.      An award of pre- and post-judgment interest, as allowable by law; and h. Such further and other relief the Court deems reasonable and just.

**ANSWER:**      **Defendant denies any violation of GIPA. Defendant denies that Plaintiff is entitled to the relief demanded in his Prayer For Relief or otherwise, on behalf of himself or a class. Defendant denies that Plaintiff is entitled to maintain this action on behalf of others.**

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

**ANSWER:**      Defendant admits that Plaintiff seeks a trial by jury but denies that he has a factual or legal basis to support his claims and denies any remaining allegations.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, Defendant hereby denies them.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue on which they would not otherwise bear such burden.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

## FIRST DEFENSE

Defendant did not possess, solicit, require, release or purchase genetic testing or genetic information, of a person or a family member, of any kind within the meaning of GIPA and therefore compliance with 410 ILCS 513/25, including all subparts was not required.

SECOND DEFENSE

Defendant did not request or require any of its agents, vendors, contractors or their subcontractors or agents, to solicit, require, possess, release, or purchase genetic testing information or genetic information of a person or a family member under GIPA.

THIRD DEFENSE

Defendant did not in any way make a request to Plaintiff that Plaintiff could reasonably construe as a request for genetic information and therefore to the extent Plaintiff disclosed that information, it was inadvertent.

FOURTH DEFENSE

Defendant denies that its third-party agent requested genetic information from Plaintiff or any putative class members. However, even if this occurred in any instance, it was not requested by Defendant, it was not received by Defendant, Defendant was unaware of it, and in fact, Defendant received information suggesting that genetic information had not been collected.

FIFTH DEFENSE

To the extent any information possessed, released, solicited, required, or purchased by Defendant is deemed to constitute genetic testing or genetic information under GIPA, no terms, conditions, or privileges of employment, including the employment itself, preemployment application, labor organization membership, or licensure, were affected or caused to be terminated because of genetic testing or genetic information under GIPA.

Further, to the extent any information possessed, released, solicited, required, or purchased by Defendant is deemed to constitute genetic testing or genetic information under GIPA, that information was not used to retaliate in any manner against any person alleging a violation of GIPA or participating in a proceeding under GIPA and it was not used to limit, segregate, or classify employees in any way that affected their employment, employment opportunities.

18

<u>SIXTH DEFENSE</u>

Plaintiff's and/or the putative class members' claims are barred to the extent that they were not brought within the applicable limitations period. Specifically, the claims Plaintiff asserts in this action are privacy-based claims. As a result, the one-year statute of limitations applicable to privacy claims should apply to this action.

To the extent a one-year statute of limitations is held not to apply, the two-year statute of limitations applicable to personal injury actions in Illinois should apply to Plaintiff's and/or the putative class member's claims.

Even if a five-year statute of limitations is deemed to be applicable, to the extent that Plaintiff's and/or the putative class members' claims were not brought within this five-year time period, their claims for relief are barred.

<u>SEVENTH DEFENSE</u>

Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under GIPA and, thereby, caused undue prejudice to Defendant. Therefore, their claims are barred in whole or part by the doctrine of laches.

<u>EIGHTH DEFENSE</u>

eEven if any violation of GIPA occurred, neither Plaintiff nor the putative class have been "aggrieved" and/or suffered any injury within the meaning of Section 40(a) of GIPA. To the extent Plaintiff or any putative class member did suffer an injury within the meaning of GIPA, all claims based on purported injuries occurring outside Illinois or by individuals accepting employment outside Illinois are barred because GIPA cannot apply extraterritorially to any purported injury outside of the state of Illinois.

<u>NINTH DEFENSE</u>

Defendant did not intentionally or recklessly violate any provision of GIPA; therefore,

neither Plaintiff nor the putative class members are entitled to the liquidated damages under 410 ILCS 513/40(a) for reasons including but not limited to, Defendant did not have notice of the purported violation, Plaintiff and/or the putative class members consented to the purported collection, disclosure, and/or distribution of the claimed genetic testing or genetic information; and the individuals committing the alleged violations were not Defendant's employees or agents.

TENTH DEFENSE

To the extent Plaintiff and/or the putative class have alleged a GIPA violation, neither Plaintiff nor the putative class members are entitled to $2,500 or $15,000 in statutory damages per violation because the enumerated damages are excessive based on the statutory text of GIPA, as well as the Seventh Amendment of the United States Constitution, and the Due Process and Excessive Fines clauses of the United States Constitution for reasons including but not limited to:

(1) the statutory damages are permissive, rather than mandatory and the basis for awarding damages is unduly vague and subject to undue interpretation;

(2) what constitutes an injury for the mere collection, solicitation, or distribution of genetic information when it has no effect on the terms or conditions of employment or any other right is intangible and insufficiently definite;

(3) neither Plaintiff nor the putative class members suffered any injury and/or were "aggrieved" such that they are entitled to $2,500 or $15,000 per violation in statutory damages;

(4) the Complaint seeks statutory damages for each alleged GIPA violation even though neither Plaintiff nor the putative class has suffered harm as a result of the conduct alleged; and

(5) the statutory damages available under GIPA are grossly excessive and disproportionate.

ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of the putative class are preempted in whole or in part by federal law including but not limited to:

(1) the Employee Retirement Income Security Act, which regulates employee benefit plans. See 29 U.S.C. § 1144(a); and

(2) Department of Transportation regulations and implementing guidance.

<u>TWELFTH DEFENSE – PLAINTIFF CANNOT MEET HIS BURDEN TO ESTABLISH THAT A CLASS SHOULD BE CERTIFIED</u>

Plaintiff and/or the putative class members do not satisfy the requirements of Federal Rule of Civil Procedure 23, and thus, Plaintiff's claims for class action relief are not appropriate for class action treatment. Specifically:

(1) The purported class is not so numerous that joinder of all members is impracticable for reasons including but not limited to the fact, even if there was a violation as to one or more members of the putative class – which Defendant denies – none of the standard forms, processes, or procedures request, require, purchase, or release genetic testing or genetic information within the meaning of GIPA;

(2) There are no common questions of law or fact. To the extent that there are questions of fact or law common to the purported class, those questions do not predominate over the questions affecting only individual members. Questions that are unique to each individual member that will require individual testimony from Plaintiff, the putative class members, and/or different individuals they interacted with during pre-employment include, but are not limited to:

(i) What each individual claims to have been asked, who asked each individual about that information, and what each individual claims to have said while onboarding;

(ii) Whether, if at all, Plaintiff and/or the putative class members suffered an "injury," what Plaintiff and/or the putative class claim that "injury" or harm is;

(iii) Where Plaintiff and/or the putative class claim that they suffered the purported injury; and

(iv) What, if any, terms or conditions of employment were purportedly affected by the alleged possession or distribution of genetic information;

(3) The claims or defenses of the representative parties are not typical of the claims or defenses of the class for reasons including but not limited to:

 (i) Plaintiff's individual experience will vary significantly from other putative class members as set forth in Paragraph (2) of this Defense, which Defendant incorporates as though fully set forth herein;

 (ii) Plaintiff did not provide any genetic information to Defendant;

 (iii) Defendant did not solicit, require, possess, purchase, or distribute Plaintiff's genetic testing or genetic information within the meaning of GIPA;

(4) The representative partis will not fairly and adequately protect the interests of the class for reasons including but not limited to those set forth in this Defense.

## **<u>RESERVATION</u>**

Defendant reserves the right to rely upon any additional defenses that may become available or apparent during the proceedings in this matter and hereby reserves its right to amend its Answer and assert any such defenses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant respectfully requests that the Court:

1.   Dismiss with prejudice Plaintiff's Complaint in its entirety;

2.   Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

3.   Award Defendant its reasonable attorneys' fees and costs incurred in defending this action; and

4.   Grant such other and further relief as the Court may deem just and proper.

Dated: October 30, 2024

Respectfully submitted,

CAMPAGNA-TURANO BAKERY, INC.
D/B/A TURANO BAKING CO.


*/s/ David K. Haase*
By One of Defendant's Attorneys

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

<u>**CERTIFICATE OF SERVICE**</u>

I, Angela R. Huisingh, an attorney, certify that on October 30, 2024, I caused the forgoing

***Defendant's Answer and Affirmative and Additional Defenses to Plaintiff's Complaint*** to be

electronically filed with the Clerk of the Court, using the court's CM/ECF system, which caused

the same to be served electronically to Plaintiff's counsel listed below:

       Paul T. Geske
       Andrew T. Heldut
       Colin P. Buscarini
       MCGUIRE LAW, P.C.
       55 W. Wacker Drive, 9th Floor
       Chicago, IL 60601
       pgeske@mcgpc.com
       aheldut@mcgpc.com
       cbuscarini@mcgpc.com

       *Attorneys for Plaintiff*

                                             */s/ Angela R. Huisingh*